1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| VINCENT KUBIAK, | ) | Case No. EDCV 12-46 JC |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER OF REMAND |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

18
19

**I.   SUMMARY**

20
21
22
23

On January 13, 2012, plaintiff Vincent Kubiak ("plaintiff") filed a
Complaint seeking review of the Commissioner of Social Security's denial of
plaintiff's application for benefits.  The parties have consented to proceed before a
United States Magistrate Judge.

24
25
26
27
28

This matter is before the Court on the parties' cross motions for summary
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
Court has taken both motions under submission without oral argument.  See Fed.
R. Civ. P. 78; L.R. 7-15; January 13, 2012 Case Management Order ¶ 5.
///

1    Based on the record as a whole and the applicable law, the decision of the
2    Commissioner is REVERSED AND REMANDED for further proceedings
3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
5    **DECISION**

6        On May 8, 2009, plaintiff filed applications for Supplemental Security
7    Income and Disability Insurance Benefits.  (Administrative Record ("AR") 123,
8    127).  Plaintiff asserted that he became disabled on February 7, 2002, due to
9    possible cancer in his left arm, a bipolar disorder, anxiety and depression.  (AR
10   146).  The Administrative Law Judge ("ALJ") examined the medical record and
11   heard testimony from plaintiff (who was represented by counsel) and a vocational
12   expert on April 1, 2010.  (AR 29-52).

13       On April 16, 2010, the ALJ determined that plaintiff was not disabled
14   through the date of the decision.  (AR 17-24).  Specifically, the ALJ found:
15   (1) plaintiff suffered from the following severe impairments:  asthma controlled
16   with medication and cancer in remission (AR 19); (2) plaintiff's impairments,
17   considered singly or in combination, did not meet or medically equal a listed
18   impairment (AR 20); (3) plaintiff retained the residual functional capacity to
19   perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) with certain
20   additional limitations[1] (AR 20); (4) plaintiff could not perform his past relevant
21   work (AR 22-23); (5) there are jobs that exist in significant numbers in the
22   national economy that plaintiff could perform, specifically assembler of small
23   products, office helper, and route aide (AR 23); and (6) plaintiff's allegations
24   regarding his limitations were credible only to the extent they were consistent with
25   the ALJ's residual functional capacity assessment (AR 22).

26       The Appeals Council denied plaintiff's application for review.  (AR 4-13).

27
28       [1]The ALJ determined that plaintiff could (1) perform medium work; (2) only work in a
clean air environment with no exposure to airborne irritants, gases, and odors; and (3) perform
simple repetitive tasks in a non-public work setting.  (AR 20).

III.   **APPLICABLE LEGAL STANDARDS**

    A.   **Sequential Evaluation Process**

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

    (3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

    (4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    (5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

3

1    experience, allow the claimant to adjust to other work that

2    exists in significant numbers in the national economy?  If so,

3    the claimant is not disabled.  If not, the claimant is disabled.

4  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

5  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

6         The claimant has the burden of proof at steps one through four, and the

7  Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

8  F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also

9  Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

10        **B.     Standard of Review**

11        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

12  benefits only if it is not supported by substantial evidence or if it is based on legal

13  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

14  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

15  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

16  mind might accept as adequate to support a conclusion."  Richardson v. Perales,

17  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

18  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

19  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

20        To determine whether substantial evidence supports a finding, a court must

21  "'consider the record as a whole, weighing both evidence that supports and

22  evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.

23  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

24  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

25  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

26  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

27  ///

28  ///

4

1  **IV.    DISCUSSION**

2         Plaintiff contends that the ALJ failed properly to consider the opinions of

3  Dr. T. Stiles, plaintiff's treating psychiatrist.  (Plaintiff's Motion at 9-11) (citing

4  AR 378-79, 381-88).  As discussed in detail below, the Court agrees.  As the Court

5  cannot find that the ALJ's error was harmless, a remand is warranted.

6         **A.    Pertinent Law**

7         In Social Security cases, courts employ a hierarchy of deference to medical

8  opinions depending on the nature of the services provided.  Courts distinguish

9  among the opinions of three types of physicians:  those who treat the claimant

10  ("treating physicians") and two categories of "nontreating physicians," namely

11  those who examine but do not treat the claimant ("examining physicians") and

12  those who neither examine nor treat the claimant ("nonexamining physicians").

13  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A

14  treating physician's opinion is entitled to more weight than an examining

15  physician's opinion, and an examining physician's opinion is entitled to more

16  weight than a nonexamining physician's opinion.[2]  See id.  In general, the opinion

17  of a treating physician is entitled to greater weight than that of a non-treating

18  physician because the treating physician "is employed to cure and has a greater

19  opportunity to know and observe the patient as an individual."  Morgan v.

20  Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir.

21  1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

22         The treating physician's opinion is not, however, necessarily conclusive as

23  to either a physical condition or the ultimate issue of disability.  Magallanes v.

24  Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d

25

26         [2]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to

27  draw bright line distinguishing treating physicians from non-treating physicians; relationship is
    better viewed as series of points on a continuum reflecting the duration of the treatment

28  relationship and frequency and nature of the contact) (citation omitted).

5

1  759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not

2  contradicted by another doctor, it may be rejected only for clear and convincing

3  reasons.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

4  quotations omitted).  The ALJ can reject the opinion of a treating physician in

5  favor of another conflicting medical opinion if the ALJ makes findings setting

6  forth specific, legitimate reasons for doing so that are based on substantial

7  evidence in the record.  Id. (citation and internal quotations omitted); Thomas v.

8  Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out

9  detailed and thorough summary of facts and conflicting clinical evidence, stating

10 his interpretation thereof, and making findings) (citations and quotations omitted);

11 Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to

12 reject a treating physician opinion – court may draw specific and legitimate

13 inferences from ALJ's opinion).  "The ALJ must do more than offer his

14 conclusions."  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He must

15 set forth his own interpretations and explain why they, rather than the

16 [physician's], are correct."  Id.  "Broad and vague" reasons for rejecting the

17 treating physician's opinion do not suffice.  McAllister v. Sullivan, 888 F.2d 599,

18 602 (9th Cir. 1989).

19        **B.    Pertinent Facts**

20        In a March 31, 2010 Evaluation report ("March 31 Evaluation report"), Dr.

21 T. Stiles (1) diagnosed plaintiff with schizophrenia; (2) noted, based on a mental

22 status examination, that plaintiff had auditory hallucinations, delusions, loose

23 thought process, and poor insight, impulse control and judgment; and (3) indicated

24 that plaintiff had been prescribed psychotropic medications.  (AR 378-79).

25        At the administrative hearing, both plaintiff and plaintiff's attorney referred

26 to Dr. Stiles as plaintiff's "psychiatrist."  (AR 40, 41).

27        In connection with his application for review, plaintiff submitted new

28 evidence to the Appeals Council including a Psychiatric/Psychological Impairment

6

1  Questionnaire from Dr. Stiles dated April 24, 2010 ("Impairment Questionnaire").

2  (AR 380, 381-88).  In the Impairment Questionnaire, Dr. Stiles again diagnosed

3  plaintiff with schizophrenia and noted, *inter alia*, (1) multiple clinical findings for

4  plaintiff including:  poor memory, sleep disturbance, mood disturbance, emotional

5  lability, loss of intellectual ability of 15 IQ points or more, delusions or

6  hallucinations, substance dependence, anhedonia or pervasive loss of interests,

7  psychomotor agitation or retardation, paranoia or inappropriate suspiciousness,

8  difficulty thinking or concentrating, suicidal ideation or attempts, oddities of

9  thought, perception, speech or behavior, perceptual disturbances, time or place

10  disorientation, social withdrawal or isolation, blunt, flat or inappropriate affect,

11  illogical thinking or loosening of associations; (2) plaintiff's primary symptoms

12  were paranoia, auditory and visual hallucinations, and disorganized speech and

13  behavior; (3) plaintiff had either moderate or marked limitations in all of his

14  mental abilities; (4) plaintiff experienced episodes of deterioration or

15  decompensation in work or work like settings; (5) plaintiff was incapable of even

16  low work stress; and (6) plaintiff would likely be absent from work more than

17  three times a month as a result of his impairments or treatment.  (AR 381-88).

18         In denying review, the Appeals Council considered all of the additional

19  evidence plaintiff submitted, including the Impairment Questionnaire, but

20  determined that such evidence "[did] not provide a basis for changing the

21  Administrative Law Judge's decision."  (AR 5, 7-8).  The Appeals Council noted

22  that its denial of review made the ALJ's decision "the final decision of the

23  Commissioner."  (AR 4).

24  **C.    Analysis**

25         Plaintiff argues, in part, that a remand is appropriate based on the ALJ's

26  failure properly to consider Dr. Stiles' March 31 Evaluation report and in light of

27  the additional evidence he presented to the Appeals Council.  (Plaintiff's Motion

28  at 9-11).  The Court agrees.

7

First, in his evaluation of the medical evidence, the ALJ gave "limited weight" to Dr. Stiles' March 31 Evaluation report because there was "no indication in the treatment note as to Dr. Stiles' medical specialty or his qualifications for making mental health diagnoses." (AR 22). As noted above, however, plaintiff testified at the hearing that Dr. Stiles was his "psychiatrist." (AR 40, 41). To the extent the ALJ was unclear about the weight to afford Dr. Stiles' opinions, the ALJ should have contacted Dr. Stiles to resolve any ambiguity. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted) (Although plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Therefore, the ALJ's partial rejection of Dr. Stiles' March 31 Evaluation report was based on an incorrect characterization of the medical evidence. See Lesko v. Shalala, 1995 WL 263995, at *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error); cf. Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007)[3] (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony). The ALJ's error is made more apparent by the Impairment Questionnaire which reflects that Dr. Stiles specialized in psychiatry. (AR 388).

Second, since the Appeals Council considered, *inter alia*, the Impairment Questionnaire in deciding whether to review the ALJ's decision, this Court also

---

[3]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

must consider such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error.[4]  See Brewes v. Commissioner of Social Security Administration, __ F.3d __, 2012 WL 2149465, *4 (9th Cir. June 14, 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).

As noted above, in the Impairment Questionnaire Dr. Stiles opined that plaintiff had several significant mental limitations and that plaintiff would likely be absent from work more than three times a month as a result of his impairments or related treatment.  (AR 381-88).  The vocational expert – upon whom the ALJ relied to establish non-disability at step five – testified that there would be no jobs plaintiff (or a hypothetical individual with plaintiff's characteristics) could do if plaintiff would miss three or more days a month on a consistent basis.  (AR 50). Therefore, in light of the evidence before the ALJ and the additional evidence submitted only to the Appeals Council, this Court cannot conclude that the ALJ's

///

---

[4]Contrary to defendant's contention (Defendant's Motion at 8), plaintiff was not required to demonstrate in this Court that the Impairment Questionnaire was material to determining his disability or that he had good cause for failing to submit such evidence to the ALJ in the first instance.  See Brewes v. Commissioner of Social Security Administration, __ F.3d __, 2012 WL 2149465, *5 (9th Cir. June 14, 2012) ("[E]vidence submitted to and considered by the Appeals Council is not new but rather is part of the administrative record properly before the district court.").

1 decision is supported by substantial evidence, or that any error is harmless.[5]  Cf.,

2 e.g., Brewes, 2012 WL 2149465, *4-*5 (remanding for immediate payment of

3 benefits where additional medical opinion evidence submitted to the Appeals

4 Council after ALJ denied benefits reflected that claimant would miss work "quite

5 a few days a month from even a simple job," and vocational expert had testified

6 that there would be no work available for a hypothetical plaintiff who missed two

7 or more days of work per month).  Accordingly, this case must be remanded to

8 permit the ALJ properly to evaluate all of the record medical opinion evidence.

9 ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22

23         [5]As defendant correctly points out, a favorable medical opinion obtained after a denial of
benefits can sometimes be suspect.  See Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989)
24 (rejecting treating physician's opinion because it was inconsistent with contemporaneous medical
notes and claimant had obtained the opinion after an adverse ALJ determination).  Here,
25 however, although the Impairment Questionnaire is dated April 24, 2010, Dr. Stiles' findings
expressed therein appear to have been based on an examination of plaintiff conducted on April
26 14, 2010 (i.e., two days before the ALJ rendered his decision) and, in certain respects, such
findings were consistent with the treatment records from Dr. Stiles that the ALJ did consider in
27 reaching is decision.  (Compare AR 378-79 with AR 381-88).

28

## V.   CONCLUSION[6]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[7]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   June 26, 2012

                                                    /s/
                              _____
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE

_____

[6]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).